**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Steve Lester, Appellant,

v.

State of South Carolina, Respondent.

Appellate Case No. 2023-001900

———————

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-090
Submitted January 2, 2026 – Filed February 25, 2026

———————

**AFFIRMED**

———————

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor Cynthia Smith Crick, of Greenville, all for Respondent.

———————

**PER CURIAM:** Steve Lester, a juvenile offender, appeals the circuit court's denial of his motion to reconsider his life imprisonment with the possibility of

parole sentence for murder pursuant to *Aiken v. Byars*.[1]  On appeal, Lester argues the circuit court erred in denying him an *Aiken* hearing because (1) the one-year time frame for filing should be equitably tolled and (2) the parole board's repeated denials of parole based on the severity of the offense equates to an LWOP sentence, placing him within the class of persons protected by *Miller v. Alabama*[2] and *Aiken*.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not abuse its discretion in denying Lester's motion for resentencing under *Aiken* because his motion was filed on February 27, 2019, after the one-year deadline set forth in *Aiken*.  *See State v. Finley*, 427 S.C. 419, 423, 831 S.E.2d 158, 160 (Ct. App. 2019) ("When considering whether a sentence violates the Eighth Amendment's prohibition on cruel and unusual punishments, the appellate court's standard of review extends only to the correction of errors of law."); *id.* ("[An appellate] court will not disturb the circuit court's findings absent a manifest abuse of discretion."); *id.* ("An abuse of discretion occurs when the circuit court's finding is based on an error of law or grounded in factual conclusions without evidentiary support."); *Miller*, 567 U.S. at 465 ("[M]andatory [LWOP] for those under the age of [eighteen] at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" (quoting U.S. Const. amend. VIII)); *State v. Miller*, 433 S.C. 613, 626, 861 S.E.2d 373, 380 (Ct. App. 2021) ("Our supreme court interpreted *Miller* as creating a categorical ban on juvenile LWOP sentences 'absent individualized considerations of youth' and establishing a duty for courts to 'fully explore the impact of the defendant's juvenility on the sentence rendered.'" (quoting *Aiken*, 410 S.C. at 541, 543, 765 S.E.2d at 575, 577)), *aff'd*, 441 S.C. 106, 893 S.E.2d 306 (2023); *Aiken*, 410 S.C. at 545, 765 S.E.2d at 578 (establishing November 12, 2015, as the deadline for affected juvenile offenders to file their resentencing motions).

Further, we hold Lester did not preserve his equitable tolling argument for appellate review because it was not raised to or ruled on by the circuit court.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("[F]or an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court]."); *State v. Morris*, 307 S.C. 480, 485, 415 S.E.2d 819, 822 (Ct.

---

[1] 410 S.C. 534, 545, 765 S.E.2d 572, 578 (2014) (holding "before a life without parole [LWOP] sentence is imposed upon a juvenile offender, he must receive an individualized hearing where the mitigating hallmark features of youth are fully explored").

[2] 567 U.S. 460, 465 (2012) (holding mandatory LWOP sentences for offenders under eighteen years old is unconstitutional).

App. 1991) ("[Appellate courts] cannot consider issues raised for the first time on appeal.").[3]

**AFFIRMED.**[4]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[3] Because the issue of whether Lester's resentencing motion was untimely is dispositive, we decline to address his remaining argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.